IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,350-01






EX PARTE PEDRO ENRIQUE POSADA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1037624 IN THE 176th DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam. Alcala, J., not participating.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to life imprisonment. The First Court of Appeals affirmed his
conviction. Posada v. State, No. 01-06-00307-CR (Tex. App.-Houston [1st Dist.], delivered June
28, 2007, pet. ref'd). 

 The application in this cause was initially denied by this Court on February 24, 2010. The
application raised, inter alia, allegations that Applicant was actually innocent based upon newly
discovered evidence. On August 11, 2011, the Applicant filed a motion requesting that this Court
reconsider its prior decision sua sponte. We grant the Applicant's motion. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Calderon, 309
S.W.3d 64 (Tex. Crim. App. 2010). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall conduct a live evidentiary hearing in
order to resolve the issues in this case.

 It appears from the record that Applicant is currently represented by counsel. However, if
this is no longer the case, the trial court shall determine whether Applicant is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the Applicant is actually innocent
based upon newly discovered evidence. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 15, 2012

Do not publish